IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATHAN L. OSBORN and | ) Case No. 06-41015 |
| CATHERINE C. OSBORN, | ) |
| | ) |
| Debtors. | ) |

ORDER SUSTAINING DEBTORS' OBJECTION TO
PROOF OF CLAIM FILED BY CAPITAL ONE AUTO FINANCE
AND
OVERRULING OBJECTION TO CONFIRMATION
FILED BY CAPITAL ONE AUTO FINANCE

Debtors object to the unsecured Proof of Claim filed by Creditor Capital One Auto Finance. Capital One Auto Finance objects to confirmation of the Debtors' proposed Chapter 13 Plan, which proposes to surrender the vehicle securing Capital One's claim in full satisfaction of such claim. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (K) and (L), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Debtors' Objection to Capital One's Claim will be sustained and Capital One's Objection to Confirmation will be overruled.

The facts are undisputed. Capital One is the holder of a claim in the amount of $20,279.80, secured by a 2003 Chevrolet pickup. On April 25, 2006, Capital One repossessed the vehicle due to default in payments. Three days later, the Debtors filed a voluntary Chapter 13 Petition. Capital One filed an unsecured claim in the amount of $20,279.80, which was the balance owed on the loan when the Debtors filed their Petition. The parties do not dispute that the vehicle was purchased within 910 days prior to the bankruptcy filing. The Debtors' Plan proposes to surrender the truck in lieu of the entire

debt, leaving Capital One without an unsecured claim. Capital One objects to the Plan, and the Debtors object to Capital One's claim.

Section 1322(b)(2) permits debtors to modify the rights of holders of secured claims, other than a claim secured by the debtor's principal residence.[1] Under § 1325, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the court "shall" confirm a plan if certain conditions are met.[2] Plan treatment of allowed secured claims is found in § 1325(a)(5), which provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if –
>
> * * *
>
> (5) with respect to each allowed secured claim provided for by the plan–
>
> (A) the holder of such claim has accepted the plan;
>
> (B)(i) the plan provides that –
> (I) the holder of such claim retain the lien securing such claim until the earlier of –
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> (bb) discharge under section 1328; and
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

---

[1] 11 U.S.C. § 1322(b)(2).

[2] 11 U.S.C. § 1325(a).

>   (iii) if –
>
>   > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>   > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>   (C) the debtor surrenders the property securing such claim to such holder.[3]

Following subsection (9) of § 1325(a) appears what has become known as the "hanging paragraph," which says:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.[4]

Section 506 is the Code provision that permits debtors to bifurcate a secured creditor's claim into secured and unsecured portions, based on the value of the collateral.[5]

I have previously held that, by making § 506 inapplicable to claims held by the creditors described in the hanging paragraph (commonly referred to as "910-creditors" or "hanging paragraph creditors"), bifurcation of these claims is not permitted, and 910-

---

[3] 11 U.S.C. § 1325(a)(5).

[4] 11 U.S.C. § 1325(a)(*).

[5] 11 U.S.C. § 506(a)(1).

creditors therefore have secured claims for the full amount of the debt.[6]

Debtors have three plan options for treatment of secured creditors entitled to the benefit of the hanging paragraph: they may obtain the creditor's approval of the plan;[7] they may surrender the collateral;[8] or they may provide that the creditor retain its lien and a promise of future property distributions (such as deferred cash payments) whose total value, as of the effective date of the plan, is not less than the allowed amount of the creditor's secured claim (commonly referred to as the "cramdown option").[9] If the cramdown option is chosen, and the secured creditor is not a 910-creditor, then the debtor may bifurcate the creditor's claim into secured and unsecured portions, based on the value of the collateral, pay the secured portion over the life of the plan (with interest), and treat the unsecured portion of the claim in the same manner as other unsecured creditors.[10] As to 910-creditors, however, the debtor may not bifurcate the claim; rather, the allowed secured claim is the full amount

---

[6] *See In re Robinson*, 338 B.R. 70 (Bankr. W.D. Mo. 2006). I am aware of at least two courts that have interpreted the hanging paragraph to mean, in effect, that 910-creditors do not hold allowed secured claims, but instead are to be treated as holders of allowed unsecured claims who are entitled to retain their security. *See In re Wampler*, ___ B.R. ____, 2006 WL 1971647 (Bankr. D. Kan. June 29, 2006); *In re Carver*, 338 B.R. 521 (Bankr. S.D. Ga. 2006). With all due respect to those courts, the only purpose served by the hanging paragraph is to prevent debtors from using Chapter 13 to strip down the secured claims held on recently-purchased vehicles, as could be done under the prior statute. Depriving such creditors of a secured claim altogether cannot be consistent with the intent of Congress.

[7] 11 U.S.C. § 1325(a)(5)(A).

[8] 11 U.S.C. § 1325(a)(5)(C).

[9] 11 U.S.C. § 1325(a)(5)(B); *See Till v. SCS Credit Corp.,* 541 U.S. 465, 468-69, 124 S.Ct. 1951, 1955, 158 L.Ed.2d 787 (2004).

[10] 11 U.S.C. § 506(a).

that is owed to that creditor as of the date of the bankruptcy. To be confirmed, the plan must provide for payment of the full amount of such claim, with interest.[11]

The question here is whether the hanging paragraph applies when a debtor subject to its provisions chooses the option of surrendering the collateral under § 1325(a)(5)(C). Capital One asserts that the hanging paragraph does not apply in such instances and that such creditors should be allowed an unsecured claim for any deficiency due after the collateral is sold pursuant to state law. The Debtor asserts that the hanging paragraph applies, regardless of whether the plan retains the collateral[12] or surrenders it.[13]

> The starting point for the Court's inquiry is the statutory language itself. Unless a statute is ambiguous, a court is required to apply it as it is written. However, if a party shows that doing so would be contrary to congressional intent or if the literal application of the statutory language would result in an absurd outcome, then a court is permitted to interpret it otherwise.[14]

The language of the hanging paragraph is clear. It provides that "*[f]or purposes of paragraph (5), section 506 shall not apply*" to a secured claim if the creditor is a hanging paragraph creditor. There is no ambiguity in this provision: if you are a hanging paragraph creditor, § 506 does not apply to your claim, and a plan cannot provide for bifurcation of it.

---

[11] 11 U.S.C. § 1325(a)(5)(B)(ii); *In re Robinson*, 338 B.R. at 75.

[12] 11 U.S.C. § 1325(a)(5)(B).

[13] 11 U.S.C. § 1325(a)(5)(C).

[14] *In re Brown*, ___ B.R. ____, 2006 WL 2258535 (Bankr. N.D. Fla. July 18, 2006) (citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *United States v. Ron Pair Enters.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).

Contrary to Capital One's suggestion, this plain language does not differentiate, in any way, between the options provided in paragraphs (B) and (C) of § 1325(a)(5). Thus, in order to prevail, Capital One must show that literal application would either be contrary to congressional intent or would produce an absurd result.

Capital One cites to no legislative history on this issue,[15] probably because the history on the application of the hanging paragraph is rather sparse. Regarding congressional intent, Capital One merely argues that, given Congress' well-known intent to provide hanging paragraph creditors with heightened protection when the debtor seeks to retain these vehicles, applying the hanging paragraph in cases where the debtor intends to surrender the vehicle leaves the creditor with less protection than it was afforded under prior law. In other words, to paraphrase Capital One's argument, given Congress' intent to enhance the rights of hanging paragraph creditors by preventing bifurcation when the debtor retains the collateral, Congress could not have intended to shortchange these creditors when debtors surrender the collateral.

The court in *In re Ezell* thoroughly reviewed the sparse legislative history on this issue and concluded that, beyond the statements of Congressional intent which basically mirror the

---

[15] Rather, Capital One cites to the commentary on Congress' intent found in Hon. William Houston Brown & Lawrence R. Ahern, III, *2005 Bankruptcy Reform Legislation with Analysis* at 45 (Thomson-West 2005), for the proposition that "[t]he effect of the amendment is to prohibit the strip-down of purchase-money secured claims that are covered by the amendment, thus requiring their full payment under the contract terms." As does the legislative history, this deals with the situation when the debtor retains the property under § 1325(a)(5)(B); it does not address the situation when the debtor surrenders it under § 1325(a)(5)(C).

statutory language, there is no further clarification.[16] Therefore, the *Ezell* court held, "[t]he court has no choice but to interpret the Hanging Paragraph as written, *i.e.,* that it applies to both Revised § 1325(a)(5)(B) and (C)."[17]  I agree.

In addition, the literal application of the statutory language does not result in an absurd outcome.  "A result will only be deemed absurd if it is 'unthinkable, bizarre, or demonstrably at odds with the intentions of its drafters.'"[18]  As discussed above, literal application is not demonstrably at odds with Congress' intent; and it is entirely logical that, if a creditor is to be deemed fully secured for one purpose, it should be fully secured for other purposes.[19]

Accordingly, I conclude that the plain language of § 1325(a)(5) and the hanging paragraph mandate that, as a matter of law, a secured creditor of the kind described in the hanging paragraph has a secured claim for the full amount due as of the date of the filing of the petition,[20] regardless of whether the debtor intends to retain the collateral or surrender it.[21]

---

[16] *In re Ezell*, 338 B.R. 330, 341 (Bankr. E.D. Tenn. 2006); *see also In re Brown*, 2006 WL 2258535 at *4 (agreeing with the *Ezell* court's analysis of the legislative history).

[17] *Id.*

[18] *In re Brown*, 2006 WL 2258535 at *5 (citation omitted).

[19] *Accord In re Brown*, 2006 WL 2258535 at *4 ("If the 910 claim of a creditor is fully secured upon a debtor's retention of the vehicle under § 1325(a)(5)(B), then it is completely logical that it is also fully secured upon surrender under § 1325(a)(5)(C)"); *see also In re Payne*, ___ B.R. ____, 2006 WL 2289371 at *4-5 (Bankr. S.D. Ohio July 10, 2006); *In re Sparks*, ___ B.R. ____, 2006 WL 2243076 at *6 (Bankr. S.D. Ohio July 26, 2006).

[20] *See In re Brown*, 2006 WL 2258535 at *6 (a creditor who holds a secured claim that is within the scope of the hanging paragraph is fully secured up to the entire amount of the debt owed to it); *In re Fleming*, 339 B.R. 716, 722 (Bankr. E.D. Mo. 2006) (the hanging paragraph

That being the case, these creditors are not entitled to a deficiency claim if the collateral is surrendered under § 1325(a)(5)(C).[22]

Capital One next argues that it is entitled to a deficiency under Missouri law and, therefore, it is entitled to one here. Certainly, state law defines creditors' rights,[23] including the right to a deficiency.[24] "However, state law determines rights in property only to the extent such rights are not modified by the Bankruptcy Code."[25] Section 1325(a)(5), along with § 1322(b)(2) (which provides that a plan may modify the rights of holders of secured claims), expressly permits modification of secured creditors' rights, including hanging paragraph creditors.[26] Consequently, even though Capital One might be entitled to a deficiency outside of bankruptcy, it is not entitled to an allowed claim for any such deficiency here, so the Debtors are not required to provide for one in their Plan.

---

"quantifies the [c]ar [c]reditors' secured claims at the balance due on the filing date").

[21] *In re Ezell*, 338 B.R. 330; *In re Sparks*, 2006 WL 2243076 at *6.

[22] *Id.*; *In re Brown*, 2006 WL 2258535 at *6; *In re Long*, ___ B.R. ____, 2006 WL 2090246 at *11 (Bankr. E.D. Tenn. July 12, 2006).

[23] *See In re Fleming*, 339 B.R. at 724 (citing *Nobelman v. American Savings Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228, 235 (1993); *Barnhill v. Johnson*, 503 U.S. 393,. 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39, 46 (1992); *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141-42 (1979)).

[24] *See In re Huffman*, 204 B.R. 562, (Bankr. W.D. Mo. 1997) ("Missouri law determines a creditor's right to a deficiency following the repossession of personal property secured by a properly perfected security interest.").

[25] *In re Fleming*, 339 B.R. at 724.

[26] *Id.* ("Section 1322(b)(2) of the Bankruptcy Code expressly permits modification of the [c]ar [creditor's] rights subject to the limitations set forth in Section 1325 of the Bankruptcy Code.")

Alternatively, Capital One seeks to distinguish *Ezell* because, here, the creditor repossessed the truck three days prior to the bankruptcy filing. However, until Capital One sells the truck, the Debtors, and their bankruptcy estate, retain rights in the truck.[27] In fact, in the Eighth Circuit, it would have been a violation of the automatic stay for Capital One to have refused to return the truck to the Debtors if they had so requested.[28] Consequently, since the truck had not yet been sold when the Debtors filed their bankruptcy petition, the Debtors retained an interest in it, and they could still exercise all options available under § 1325(a)(5).

Accordingly, the Debtors' objection to Capital One's unsecured claim is SUSTAINED. Capital One has an allowed secured claim for $20,279.80. In addition, pursuant to § 1325(a)(5)(C), the Debtors are permitted to surrender the truck in lieu of Capital One's allowed secured claim and Capital One is not entitled to a claim for any deficiency. Capital One's Objection to the Debtors' Plan is, therefore, OVERRULED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 8/22/06

---

[27] *See* Mo. Stat. Ann. § 400.9-623 (providing that a debtor may redeem collateral up until the time the property is sold).

[28] *See In re Knaus*, 889 F.2d 773 (8th Cir. 1989) (holding that creditor's failure to voluntarily turn over property lawfully seized prepetition constituted violation of automatic stay).